# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IRA JEROME ROSS, )
)
    Plaintiff, ) Civil Action No. 19-cv-146
) Judge Marilyn J. Horan/
    v. ) Magistrate Judge Maureen P. Kelly
)
BOARD OF DIRECTORS, CHIEF )
EXECUTIVE OFFICER OF PNC )
FINANCIAL SERVICES GROUP, INC., )
)
    Defendants. )

## MEMORANDUM ORDER

The above-captioned action, filed by Ira Jerome Ross ("Ross"), was received by the Clerk of Court for the Western District of Pennsylvania on February 8, 2019. (ECF No. 1). The action was referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

Magistrate Judge Kelly, in a Report and Recommendation (the "Report") filed on March 4, 2019, recommended that the action be dismissed pre-service, pursuant to this Court's inherent power to control its own dockets, because Ross was attempting to initiate a criminal action against the Defendants in this Court. (ECF No. 2).

Service of the Report was made on Ross at his address of record in the Allen Correctional Center. Ross was given until March 21, 2019 to file any Objections. Ross filed Objections on March 19, 2019. (ECF No. 3). Nothing in those Objections merits rejection of the Report or extended discussion.

Ross cites to Federal Rule of Criminal Procedure 3 as the basis for him having a right to file the private criminal complaint. (ECF No. 3, at ¶¶ 2–3). However, Rule 3 only provides that "[t]he complaint is a written statement of the essential facts constituting the offense charged. Except as provided in Rule 4.1, it must be made under oath before a magistrate judge or, if none is reasonably available, before a state or local judicial officer." Fed. R. Crim. P. 3. Rule 3 does not say who may file a criminal complaint. The contention that Rule 3 provides a private citizen the right to initiate a criminal action in federal court has previously, and correctly, been rejected. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo–American jurisdictions by private complaints."); *Brown v. Seniuk*, 01 CV 1248 SJ, 2002 WL 32096576, at *1 (E.D.N.Y. Mar. 25, 2002) ("[I]t is axiomatic that a private citizen cannot bring a criminal complaint."). Furthermore, we reject as futile Ross's request that we order that the "case remain[] open unto [sic] the federal prosecutor's office can review the record to make an [sic] determination about filing criminal charges and moving this matter for jury trial." (ECF No. 3, at 4).

Accordingly, after *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 26th day of March 2019;

IT IS HEREBY ORDERED that this action is dismissed with prejudice, as Ross cannot initiate a private criminal complaint in federal court.

IT IS FURTHER ORDERED that the Report and Recommendation, (ECF No. 2), filed on March 4, 2019, by Magistrate Judge Kelly, is adopted as the opinion of the Court. The Clerk is to mark the case closed.

Lastly, the Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith.

BY THE COURT:

MARILYN J. HORAN
UNITED STATES DISTRICT JUDGE

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

IRA JEROME ROSS
498729
Allen Correctional Center; Mercury A-1
3751 Lauderdale Woodyard Road
Kinder, LA 70648